**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES STANTON SULLIVAN, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-270-RAH-CWB** |
| | ) | |
| **FIRST SOUTH FARM CREDIT, ACA,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Charles Stanton Sullivan, Jr., who is proceeding *pro se*, filed this action on April 16, 2026. (Doc. 1).　After concluding that the Complaint constituted an impermissible "shotgun pleading," the undersigned Magistrate Judge directed Sullivan to file an Amended Complaint no later than June 19, 2026.　(Doc. 18).　The Order set out in detail the offending characteristics to be cured (*id*.), and Sullivan was expressly cautioned "**that his failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed**" (*id.* at p. 5) (bold in original).　Nonetheless, Sullivan failed to take any action by the imposed deadline.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.　*See, e.g., Link v. Wabash R.R. Co*., 370 U.S. 626, 629-30 (1962).　Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."　*Id*.　It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."　*Id*. at 630-31.　*See also Saint Vil v. Perimeter Mortg. Funding Corp*., 715 F. App'x 912, 915 (11th Cir. 2017).　Here, the court finds

1

that Sullivan's failure to replead or otherwise respond by the imposed deadline constitutes a clear record of delay and/or willful contempt; and the court further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.*, where Sullivan failed to act despite having been provided clear instructions and warned about a potential dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

Dismissal also would be warranted for the reasons set forth in the Order to replead. (*See* Doc. 18).  In short, the Complaint is a classic "shotgun pleading" as has been defined by the Eleventh Circuit.  *See, e.g., Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted).  First, the Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.  Second, the Complaint fails to "separate[e] into a different count each cause of action or claim for relief." *Id*.  at 1323.  And third, the Complaint "asserts[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants [each] claim is brought against." *Id*. The Complaint cannot be said to be "simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1), or put the court in a position to determine "which facts support which claims," "whether the plaintiff has stated any claims upon which relief can be granted," and "whether evidence introduced at trial is relevant." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland*, 792 F.3d at 1320).  *See also id*. ("The 'self-evident' purpose of [Rule 8(a)(2)] is 'to require the pleader to present his claims discretely and succinctly, so that[] his adversary can discern what he is claiming and frame a responsive pleading.'") (quoting *Weiland*, 792 F.3d at 1320).

"When faced with a shotgun pleading, a district court must order a litigant to replead and to make a more definite statement of the claim. … When the [litigant] still fails to cure the deficiency, the complaint may be subject to dismissal." *Boatman v. Sawyer*, No. 20-12189, 2021 WL 4702578, at *2 (11th Cir. Oct. 7, 2021) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011)).  That is precisely the scenario before the court.  Sullivan was directed to file a curative amendment and was provided extensive time and instructions for doing so, yet he failed to take action.  On that record, the court will not subject the defendants to sifting through the Complaint in an attempt to determine what purported "claims" might be asserted against them and what factual allegations might provide the basis for such "claims." *See Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.,* 162 F.3d 1290, 1333 (11th Cir. 1998) (instructing lower courts "to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined"); *see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002) (collecting cases).

For all of these reasons, it is the **RECOMMENDATION** of the Magistrate Judge that this action be dismissed with prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **July 13, 2026**.  An objecting party must identify the specific portion(s) of all factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection.  Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for

further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 29th day of June 2026.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

4